**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRIDGETTE CONWAY, individually and
on behalf of D.C., a minor,

Plaintiffs,

vs. Case No. 19-842 SCY/KK

JAG TRANSPORTATION, INC.;
ELISARA TAITO; JOHN DOE,

Defendants.

**MOTION TO CONSOLIDATE AND STAY**

COME NOW Defendants JAG Transportation, Inc. ("JAG") and Elisara Taito, by and through their attorneys of record, Civerolo, Gralow & Hill, P.A. (Lance D. Richards, Esq. and Lauren R. Wilber, Esq.), and move this Court for an Order pursuant to Fed.R.Civ.P. 42(a), consolidating the recently filed action, *Joycelynn Bahe, Individually and as Guardian of T.B., a minor; Craig Bahe, as Representative of the Estate of Charla Bahe, Deceased; Francilla May Thompson as Guardian of K.K.T., a minor; and Diamond Rayvon Bahe, Plaintiffs v. Jag Transportation, Inc.; Elisara Taito, and John Doe, Defendants*, United States District Court, District of New Mexico, Case No. 1:19-CV-00218-SCY-GBW with this pending matter. Defendants additionally move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for an Order staying these civil proceedings during the pendency of the ongoing NTSB and State of New Mexico investigations. Without a stay, and in the absence of evidence currently in the possession of the NTSB and the State of New Mexico, the parties will not be able to conduct meaningful discovery. As grounds for the relief sought herein, Defendants state as follows:

1. Rule 42 allows the Court to consolidate actions which "involve a common question of law or fact," Rule 42(a)(2), and to "issue any other orders to avoid unnecessary cost or delay." Rule 42(a)(3).

2. The present case, filed June 18, 2019, in New Mexico State Court and removed by Defendants Jag and Taito to Federal Court on September 11, 2019, stems from an alleged motor vehicle accident which occurred on August 30, 2018, and in which Plaintiffs allege to have been passengers on a Greyhound bus that was struck by a semi-truck driven by Defendant Taito after a tire on Defendant Taito's truck blew out. (*See* Pl. Compl., ¶¶ 8-14, *Document 1, Exhibit A*).

3. The *Bahe* case, filed September 14, 2018, in New Mexico State Court and removed by Defendants Jag and Taito to Federal Court on March 14, 2019, stems from the same alleged motor vehicle accident which occurred on August 30, 2018, and in which the *Bahe* plaintiffs allege they and Charla Bahe were passengers on a Greyhound bus that was struck by a semi-truck driven by Defendant Taito. (*See Bahe* Compl., ¶¶ 8-15, *attached hereto as* **Exhibit A**).

4. Both lawsuits are based on a motor vehicle accident which occurred on August 30, 2018, near Thoreau, New Mexico between a Greyhound bus and a commercial motor vehicle driven by Defendant Taito.

5. The lawsuits involve common questions of law and fact—they are based on the same motor vehicle accident and allege the same causes of action: negligence against Defendant Taito, vicarious liability against Defendant Jag, negligence against Defendant Jag, and negligent infliction of emotional distress against Defendants Jag and Taito.

6. Both lawsuits name Jag Transportation, Inc., Elisara Taito, and John Doe. Undersigned counsel represents Defendants Jag and Taito in both lawsuits. (*See Bahe* Compl., *attached hereto as* **Exhibit A**).

7. The *Bahe* case also names Bridgestone/Firestone North American Tire, LLC as a defendant. Though the New Mexico Department of Transportation was originally named as a defendant in the *Bahe* case, the *Bahe* plaintiffs voluntarily dismissed their claims against the New Mexico Department of Transportation on May 16, 2019. (*See Bahe* Not. of Vol. Dismissal, *attached hereto as* **Exhibit C**).

8. Consolidation will promote the interest of judicial convenience by avoiding delay, confusion, and inconsistent results, since the cases are in their early stages, there are overlaps in the parties and issues, and many of the witnesses are likely to be the same in some if not all of the cases. Consolidation for discovery will prevent the need for multiple depositions of the same witnesses and need for multiple interrogatories, requests for production and request for admissions.

9. It is well-established that this Court has the inherent power to stay civil proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936) (power to stay proceedings is incidental to the court's inherent management authority); *Wood v. Millers Nat. Ins. Co.*, 1981-NMSC-086, ¶ 8, 96 N.M. 525, 528, 632 P.2d 1163, 1166 (N.M., 1981) (power to stay proceedings before it is within the sound discretion of the district court). Not only is the power to stay incidental to this Court's inherent management authority, it is also derived from Rule 26(c) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(c). Rule 26 empowers a Court to enter "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

10. The *Bahe* case was stayed pending resolution of the NTSB and New Mexico State investigations into the August 30, 2019, accident on July 26, 2019 before initial disclosures had been exchanged, any discovery had begun, or any scheduling order or other major decisions or orders had been entered. (*See Bahe* Ord. Granting Mot. to Stay, *attached hereto as* **Exhibit B**).

11. The *Bahe* case was stayed because the NTSB and the New Mexico Department of Public Safety are currently investigating the August 30, 2018 accident and have yet to release their final conclusions or report. Further, critical evidence—including Defendant Jag's tractor, trailer and tire—is currently held by the NTSB and New Mexico Department of Public Safety and without access to its tractor, trailer, tire, and New Mexico and NTSB investigations, Defendants JAG and Taito have been—and will continue to be—unable to investigate the subject accident or the claims against them. After the NTSB and New Mexico Department of Public Safety release the relevant evidence and investigative reports, discovery will proceed more smoothly and efficiently. This flow of information serves judicial economy, the parties' need for information, and the interests of justice.

12. For the reasons outlined above, this case should also be stayed. The evidence needed and concerns regarding prejudice to Defendants Jag and Taito, judicial economy, and the interests of justice in this case are identical to those in the *Bahe* case.

- Plaintiff's counsel has not responded to counsel for Defendants concerning the relief requested in this Motion.
- Defendant Bridgestone/Firestone North American Tire, LLC (not a party to this lawsuit) does not oppose this motion.
- *Bahe* Plaintiffs (not parties to this lawsuit) do not oppose this motion.

WHEREFORE, Defendants JAG Transportation, Inc. and Elisara Taito pray for an Order consolidating this case with the recently filed action, *Joycelynn Bahe, Individually and as Guardian of T.B., a minor; Craig Bahe, as Representative of the Estate of Charla Bahe, Deceased; Francilla May Thompson as Guardian of K.K.T., a minor; and Diamond Rayvon Bahe, Plaintiffs v. Jag Transportation, Inc.; Elisara Taito, and John Doe, Defendants*, United States District Court, District of New Mexico, Case No. 1:19-CV-00218-SCY-GBW, for an order staying these civil proceedings during the pendency of the NTSB and State of New Mexico investigation, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CIVEROLO, GRALOW & HILL, P.A.

By:______________________________

Lance D. Richards
Lauren R. Wilber
*Attorneys for Defendants JAG Transportation, Inc. and Elisara Taito*
P.O. Box 887
Albuquerque, NM 87103-0887
(505) 842-8255
richardsl@civerolo.com
wilberl@civerolo.com

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true copy of the foregoing was filed electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on September 26, 2019, which caused the following attorneys to be electronically served as follows:

Steven P. Archibeque
Attorney at Law
1100 Fourth Street N.W., Suite A
Albuquerque, NM 87102
Telephone: (505) 243-1676
Facsimile: (505) 243-1858
sarchibeque@hotmail.com
*Attorney for Plaintiff Conway*

Donald DeCandia, Esq.
Hartline Barger, LLP
141 E. Palace Avenue
Garden Level, Suite 2
Santa Fe, NM 87501
Telephone: (505) 336-5300
ddecandia@hartlinebarger.com
jjennings@hartlinebarger.com
*Attorneys for Defendant Bridgestone*

T. Micah Dortch, Esq.
Adam T. Funk, Esq.
Lance Livingston, Esq.
Potts Law Firm
3737 Buffalo speedway, #1900
Houston, TX 77098
Telephone: (713) 963-8881
Facsimile: (713) 585-5388
mdortch@potts-law.com
afunk@potts-law.com
llivingston@potts-law.com
*Attorneys for Plaintiffs Bahe*

______________________________

Lance D. Richards
Lauren R. Wilber